ALVAREZ ET AL., APPELLANTS, v. REGISTRAR OF HUMACAO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing in Part to Record a Deed of Partition.

No. 309.—Decided June 8, 1917.

SYLLABI OF OPINION DELIVERED BY MR. JUSTICE ALDREY IN WHICH MR. JUSTICE WOLF CONCURS.

PARTITION—HEIRS—MINORS—TUTOR—OPPOSING INTERESTS—RECORD OF TITLE.—
  The letter and spirit of the prohibition prescribed in section 230 of the Civil Code, that the father or the mother cannot represent their unemancipated children when they have opposing interests, are not applicable in a partition of property to the heirs who represent other heirs, because between these there are not the opposing interests which the legislators contemplated, but, on the contrary, they have a common interest; therefore the mere fact that the tutor of some minors may be also an heir is no ground

for concluding that his interest is opposed to theirs and that for that reason the deed of partition should be denied admission to record.

CONCURRING OPINION.

ID.—ID.—ID.—ID.—ID.—ID.—When the conveyances made to minor heirs in a partition in which adult heirs are also interested are recorded in the registry of property, the records are under the protection of the courts and produce the corresponding legal effects until adjudged null and void in an action brought by the heirs themselves, and the conveyances made to other adult heirs cannot be denied admission to record on the ground of incompatibility of interests between the minors and their tutor who is also an heir.

The facts are stated in the opinions.

*Mr. Francisco González* for the appellants.

The registrar appeared *pro se.*

Opinion delivered by MR. JUSTICE ALDREY in which Mr. Justice Wolf concurs.

The heirs of José Joaquín Alvarez made an extrajudicial partition of the estate left by Alvarez at his death. The minor heirs Ramón and Rafael Díaz Alvarez were represented in the partition by their guardian, Isidro Alvarez Santiago, who is also an heir, after he had obtained the authorization of the District Court of Humacao to intervene in the partition. The deed of partition having been submitted to and approved by the district court, it was presented in the Registry of Humacao, in which the property awarded to the minors and later the property awarded to other heirs were recorded; but when the heirs Eloy and Eugenio Alvarez Santiago subsequently sought to record the property awarded to them in the partition, the registrar refused to record the same, assigning the incurable defect that said minors had been represented by a guardian who, being also an heir, had interests opposed to those of the minors, and as section 230 of the Civil Code provides that whenever the father or the mother has interests opposed to those of their unemancipated children, the district court shall appoint for the latter a person to defend their interests, who shall represent them in or out of court, it must be understood that such provision applies to a guardian also, for it would be absurd, in view

of the mandatory nature of the statute, to grant to the guardian what is denied to the father or mother; and it can not be successfully contended in this case that the guardian was authorized by the District Court of Humacao to represent the said minors in the partition of the estate, because such authorization is repugnant to the said section according to the decision of this court of July 20, 1910, in the case of the *Estate of Alvarez* v. *Registrar of Property*, 16 P. R. R. 572.

The mere fact that the guardian may be also an heir is no ground, in my opinion, for concluding that he has interests opposed to those of the minors whom he represented and that for that reason the deed of partition should be refused admission to record. It is true that the decision of this court cited by the registrar holds that an heir can not represent another minor heir in the partition of an estate because he has an interest opposed to that of his ward, for naturally each heir will seek to secure the greatest benefit for himself in the partition, and that the Directorate of Registries of Spain, in its decision of December 20, 1883, held similarly but without stating its reasons. However, if we consider the letter and spirit of the prohibition placed upon the father or mother by section 230 of the Civil Code, we must conclude that it is not applicable to heirs who represent other heirs because the conflicting interests which the legislators had in mind does not exist between them.

Under our statutes the surviving spouse manifestly has an interest in the estate of the other spouse which is opposed to that of the unemancipated minor children, for as the survivor's share of the community property must be deducted from the estate and allotted to him as full owner, the greater such share the less will be the property to be divided among the heirs who, therefore, have a common interest opposed to that of the surviving spouse; for which reason the legislators, bearing in mind that the father or mother was a creditor of the estate and also a representative of the minor heirs and debtors, prohibited the former from representing

the latter. Such conflict of interests of creditor and debtor does not exist between coheirs, who, on the contrary, have a common interest, and we fail to see that the said statute should be made applicable to them by analogy.

Nor do we believe that the heir who represents other minor heirs is in a position to derive the greatest possible benefit from the partition, for as the property is appraised by experts or by the heirs themselves, each one of them will receive necessarily his proportionate share of the estate as provided by law.

The decision appealed from should be reversed and the record ordered.

*Reversed.*

Mr. Chief Justice Hernández concurred in the judgment. Justices del Toro and Hutchison dissented.

---

CONCURRING OPINION OF MR. CHIEF JUSTICE HERNÁNDEZ.

I agree with the opinion of this court in the case of the *Estate of Alvarez* v. *Registrar of Property,* 16 P. R. R. 572, but I am of the opinion that the incompatibility of interests between the minors Ramón and Rafael Díaz Alvarez and their guardian, Isidro Alvarez Santiago, in the partition of the estate left by the ancestor, José Joaquín Alvarez, is no bar, in view of the circumstances of this case, to the recording of the property awarded to the heirs Eloy and Eugenio Alvarez Santiago, the property awarded to the minors having been previously recorded in the registry.

These records are under the protection of the courts (*Rivera* v. *Registrar,* 14 P. R. R. 734), and, therefore, should have the corresponding legal effects, unless their nullity is adjudged in the proper action instituted by the minors themselves; and according to section 1269 of the Civil Code, which provides that persons with capacity can not plead the incapacity of those with whom they contracted, the adult heirs

can not attack the validity of the partition on the ground of said incompatibility. The partition of the estate of a deceased person by various heirs involves several contracts and not one contract only.

As the property awarded to the minors in question has been recorded in the registry, the action of the registrar in refusing to record the allotments to other adult heirs on the sole ground of incompatibility of interests as assigned in his decision, would leave the rights of the adult heirs dependent upon whether the minors sued for the annulment of their awards and consequently of their record in the registry.

I understand that it is the duty of the registrar to protect the interests of the minors by refusing to record allotments made to them on account of a defect which affects them only, but if such defect does not affect the adult heirs, and, moreover, if they can not raise that question, reason and justice counsel the recording of the interests of the adult heirs, especially since such record would not cause them any injury or interfere with the defense of any rights which they may have.

I do not maintain that in cases like the present deeds of partition concerning adult heirs should be recorded when the allotments made to the minors have not been recorded or have been refused admission to record, for in such cases our decision in the case of the *Estate of Alvarez* v. *The Registrar of Property, supra,* is applicable; but when the property awarded the minors has been recorded, I am of the opinion that the property awarded to the adult heirs should be recorded.

When the titles of the minors have been refused admission to record they, by their representatives, will be careful to have a new partition made or to ratify that already made; but when the property awarded to the minors is recorded, the adult heirs, for the reasons stated, can do nothing towards the making of a new partition or the ratification of that already made.

For the reasons stated I am of the opinion that the decision appealed from should be reversed and the refused record ordered.

---

DISSENTING OPINION OF JUSTICES DEL TORO AND HUTCHISON.

In our opinion the jurisprudence laid down in the case of the *Estate of Alvarez* v. *The Registrar of Property,* 16 P. R. R. 572, is applicable to this case and by applying it the only conclusion which we can reach is that the decision appealed from should be affirmed.